IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AMBER MARIE BURNETT,<br><br>Petitioner,<br><br>vs.<br><br>ALAN SCANLON; AUSTIN KNUDSEN,<br><br>Respondents. | Cause No. CV 24-1-GF-BMM-JTJ<br><br><br>**ORDER** |

This case comes before the Court on Petitioner Amber Marie Burnett's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Burnett is a state prisoner proceeding pro se. The Court directed Burnett on February 27, 2024, to show cause why her petition should not be dismissed as untimely and, in part, procedurally barred. (Doc. 5.) Burnett responded by filing a response with several attachments and a supplemental response. (Docs. 6, 6-1, and 7.) These submissions do not excuse Burnett's untimely filing. Her petition will be dismissed.

### I.  Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of

1

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II.  Background[1]

Burnett was initially charged in Montana's Eighth Judicial District Court, Cascade County, of two felony counts of assault on a minor, a violation of Mont. Code Ann. § 45-5-212, and two misdemeanor counts of assault on a minor, in violation of Mont. Code Ann. § 45-5-622(1), on April 26, 2018. After various procedural delays, the State filed an Amended Information on June 10, 2019, that charged Burnett with fourteen counts of felony assault on a minor, two counts of misdemeanor endangering the welfare of a child, and one count of felony perjury.

Burnett had a bench trial on August 5, 2019. The District Court issued its findings of fact, conclusions of law, and judgment, on September 13, 2019, finding Burnett guilty of nine counts of assault on a minor and one count of perjury. Burnett was sentenced on December 13, 2019, to twenty years with the Department of Corrections, with fifteen years suspended.

---

[1] This background is taken from Burnett's petition and the documents attached to it, including a copy of the Supreme Court's opinion in her case.

Burnett appealed. The Montana Supreme Court affirmed on January 18, 2022. *See State v. Burnett*, 2022 MT 10. The Montana Supreme Court affirmed that various delays in Burnett's proceedings were not a violation of her right to a speedy trial and affirmed her perjury conviction. A three-justice minority dissented from the majority opinion as to Burnett's perjury conviction and would have reversed that conviction.

Burnett filed the instant petition on January 2, 2024. Her petition asserts two grounds. First, she alleges that a main witness against her was not credible, for various reasons. (Doc. 1 at 4.) Second, she raises the speedy trial violation issue that the Montana Supreme Court addressed. (Doc. 1 at 5.)

### III.  Analysis

Burnett's petition is untimely. A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244. The Court previously determined that Burnett's petition was filed several months late. (Doc. 5.) The Court directed Burnett to show cause why the petition should not be dismissed.

In response, Burnett filed a brief that appears to rely on the position that her various state court proceedings were prolonged, and that explains her failure to file. She also asserts she has not been able to get certain records from different courts to establish some of her claims. She has provided the Court duplicate copies

of several court- and lawyer-related filings, letters, dockets, and orders. (Docs. 6-1 and 7.) None of these documents establish a reason why Burnett did not file her petition in this Court within a year of her state court judgment becoming final. (*Id.*)

The Court suggested three methods of showing its timeliness analysis was incorrect. (Doc. 5 at 4.) Burnett does not assert that the Court's calculation was incorrect and that her petition is timely. Instead, she appears to rely on the fact that she has been pursuing her claims diligently, and an extraordinary circumstance has prevented her from filing on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court is not persuaded.

Burnett's brief raises four issues. First, Burnett provides evidence to show that her counsel received multiple extensions in the Montana Supreme Court during the briefing on her direct appeal. (Doc. 6 at 1; Doc. 6-1 at 7 – 16.)[2] These extensions are irrelevant to the calculation of the statute of limitations in this matter. The clock did not start to run until after her appeal was finalized. Any delay during the appeal is beside the point.

Burnett's other three contentions relate to the substance and procedure of her direct appeal. She claims that the change in consideration of her petition by the Montana Supreme Court from a five-member panel to *en banc* prejudiced her. In

---

[2] The Court has not cited the duplicates of the many documents Burnett submitted with her brief.

the ultimate opinion, a three-member minority would have reversed her perjury conviction; she proposes that a five-member panel thus would have had sufficient votes to reverse. (Doc. 6 at 1; Doc. 6-1 at 35 and 36.) This classification and procedure are "pursuant to the Internal Operating Rules of" the Montana Supreme Court. (Doc. 6-1 at 35.) How many members sit on the Montana Supreme Court pursuant to its own rules is a matter of Montana constitutional law and not subject to review here. 28 U.S.C. § 2254(d)(1).

Burnett's final two arguments both relate to the sufficiency of the evidence before the Montana court. She asserts that the Montana Supreme Court did not have all of the evidence that she believes was necessary, and that a main witness against her had credibility issues and conflicts of interest. (Doc. 6 at 1.) These contentions go to the merits of her claim. Neither of these evidentiary issues excuses Burnett's failure to file her petition on time.

The Court disagrees to the extent Burnett is suggesting that she has new evidence that she is waiting to present to the Court. The court records that she has sought, if they prove her innocence, have been known to her since each of the individual court actions. (Doc. 6 at 2.) Without the documents themselves, she could have still pursued her claims, filed a petition that relied on their substance, and sought the records through the process of an active petition. She did not do so. The evidence is not new.

Accordingly, **IT IS ORDERED**:

1. Burnett's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED**.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is **DENIED**. The clerk shall immediately process the appeal if Burnett files a notice of appeal.

**DATED** this 29th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court